UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Case No.: 18-cv-2617-BAS-MDD

IN RE: SUBPOENA TO WELLS
FARGO BANK, N.A.

**ORDER DENYING MOTION
FOR RECONSIDERATION**

**[ECF NO. 34]**

Before the Court is Plaintiffs' motion for reconsideration of this Court's February 6, 2019 Order. (ECF No. 34). Plaintiffs were required to file their motion for reconsideration on or before April 8, 2019. (ECF No. 29). Instead of filing their intended motion, Plaintiffs filed a copy of the motion for reconsideration to this Court's January 14, 2019 order in a related case. (ECF No. 30; s*ee* 18-cv-873 at ECF No. 57). The two orders denied production of the same unredacted escrow account records. Plaintiffs discovered the error on April 19, 2019. (ECF No. 32). After reviewing the record, the Court permitted Plaintiffs to file the intended motion for reconsideration after the deadline and allowed Defendant Boston National Title to file a supplemental opposition. (ECF Nos. 33, 35).

The Court finds this Motion suitable for determination on the papers as

filed without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the reasons stated below, this Court **DENIES** Plaintiffs' Motion for Reconsideration.

## I.  BACKGROUND

On February 6, 2019, the Court granted a motion to quash a subpoena served by Plaintiffs in *Appel, et al., v. Boston National Title Co.*, Civil No. 18-cv-0873-BAS-MDD upon non-party Wells Fargo Bank, N.A.  (ECF No. 22) ("the Order").  The subpoena sought 12 categories of documents from Wells Fargo Bank including the unredacted escrow account records and communications related to the account between Wells Fargo, Boston National, and other non-parties.  (*See* ECF Nos. 7 at 54-55 and 22 at 3).

Plaintiffs filed objections to the Order with the District Judge on February 20, 2019.  (ECF No. 24).  In support of their objections, Plaintiffs provided two expert witness declarations.  (*Id.*).  The District Judge struck the declarations because they were not presented to this Court.  (*Id.* at ECF No. 26).  In lieu of ruling on the objections without the declarations, the District Judge allowed Plaintiffs to file a motion for reconsideration with this Court.  (*Id.*).  Plaintiffs did not include the expert witness declarations with their submissions.  (*See* ECF No. 30, 32, 34).

## II.  LEGAL STANDARD

### A. Non-party Subpoena

Rule 45, Fed. R. Civ. P., governs obtaining information by subpoena from non-parties.  Under Rule 45(d)(1), the requesting party or attorney "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  A non-party subject to a subpoena duces tecum "deserve[s] extra protection from the courts."  *High Tech Medical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v. Columbia Broadcasting System*, 666 F.2d 364, 371-72

2

1 (9th Cir. 1982)).

2      Apart from the special duty imposed on the requesting party by Rule

3 45(d)(1), Rule 26(b), Fed. R. Civ. P., provides that discovery may be obtained

4 only if it is relevant to any party's claim or defense and proportional to the

5 needs of the case. *See Soto v. Castlerock Farming & Transpl., Inc.*, 282

6 F.R.D. 492, 503 (E.D. Cal. 2012).

7 **B. Motion for Reconsideration**

8      District courts may entertain a motion for reconsideration of an

9 interlocutory order at any time before entry of final judgment. *See* FED. R.

10 CIV. P. 54(b), 59(e); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996).

11 Reconsideration is an "extraordinary remedy, to be used sparingly." *Kona*

12 *Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

13 Reconsideration may be appropriate where: (1) the movant presents newly

14 discovered evidence; (2) the Court committed clear error or the initial

15 decision was manifestly unjust; or (3) an intervening change in controlling

16 law has occurred. *Sch. Dist. No. 1J, Multnomah Cnty. V. ACandS, Inc.*, 5

17 F.3d 1255, 1263 (9th Cir. 1993).

18      A party seeking reconsideration must show more than a disagreement

19 with the court's decision. To succeed, a party must set forth facts or law of a

20 strongly convincing nature to induce the court to reverse its prior decision.

21 *Cancino-Casteller v. Nielsen*, 338 F. Supp. 3d 1107, 1110 (S.D. Cal. 2018); *see*

22 *also Jones v. AeroChem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990).

23 Recapitulation of arguments already considered by the court fails to carry the

24 moving party's burden to show reconsideration is warranted. *See Salem v.*

25 *FDIC for La Jolla Bank, FSB*, No. 15-cv-1114, 2017 WL 1375616 at \*2 (S.D.

26 Cal. 2017).

27 ///

18-cv-2617-BAS-MDD

## III.  DISCUSSION

Plaintiffs have made multiple attempts to obtain unredacted copies of the Wells Fargo escrow account records at issue here.  This Court addressed the issue in the underlying case.  (*See* 18-cv-873 at ECF No. 30).  In that case, the Court found that Plaintiffs failed to demonstrate "the relevance of the identities of other customers and their transactions to the issues surrounding the alleged delay by Boston National Title in returning Plaintiffs' funds." (*Id.*).  Therefore, the Court denied the compelled production of the unredacted records from Boston National Title.  Plaintiffs filed a motion for reconsideration of that order.  (*Id.* at ECF No. 57).  On April 30, 2019 the Court denied the motion to reconsider.  (*Id.* at ECF No. 68).

The burden is on the movant to establish that reconsideration is warranted.  Plaintiffs must identify new evidence that was not previously available and demonstrate why that new evidence should cause the court to reverse its prior decision.  *See Cancino-Casteller*, 338 F.Supp.3d at 1110.  In this motion to reconsider, Plaintiffs offer the same arguments and new evidence they offered in the underlying case.  Therefore, the same analysis applies.

Plaintiffs new evidence includes two expert witness declarations and deposition testimony from two Boston National Title employees.  The expert witnesses claim to require "a complete accounting of the monies held in the account" and "transaction-level detail" in order to analyze Plaintiffs' claims. (ECF Nos. 26-1 and 26-2).  The Boston National Title employees testified that they rely on the unredacted account records for daily accounting purposes.

In the underlying case, the Court concluded that Plaintiffs' new evidence failed to address why the identities of the third parties is relevant to Plaintiffs' litigation.  Because Plaintiffs did not offer new evidence or legal

4

arguments that address this issue, they did not meet their burden to move the court to reconsider its previous order.  Moreover, the Court found that Boston National Title Company offered to provide Plaintiffs with the information required by the experts—i.e., the "redacted Wells Fargo Bank account statements reflecting the total monthly balance, daily balance, and date and amount of every transaction, redacting customer identities and the details of the transaction."  (*See* 18-cv-0873, ECF No. 29-2, ¶ 4).

Plaintiffs offer the same arguments and new evidence in this case. Plaintiffs are seeking the same unredacted documents they sought in the underlying case, but from a third party.  Because non-parties are given even greater protections by the Court in the discovery process than parties, Plaintiffs' burden is higher.  Plaintiffs did not meet their burden to compel the production of the documents from Boston National Title.  Therefore, they did not meet their burden to compel the production of the documents from Wells Fargo.

Plaintiffs also claim they have "genuine concern regarding the authenticity of the redacted Wells Fargo Bank Statements" because Boston National has "abused the discovery process by failing to produce all [responsive] documents."  Plaintiffs also claim that if Boston National redacts some information, they are "forced to wonder what else Boston National is concealing."

The Court determined that the third party information in the records is not relevant to Plaintiffs' case.  Only relevant information is discoverable. *See* FED. R. CIV. P. 26(b).  Boston National Title met their discovery obligations by providing the redacted records.  Plaintiffs have not identified any production gaps in the discovery received from Boston National Title such that the Court will compel the information from a third party.

18-cv-2617-BAS-MDD

1    Plaintiffs have not met their burden to persuade the Court that the

2    third party information found in the escrow account records is relevant to

3    Plaintiffs' case or that it should reverse its prior decision.  Accordingly,

4    Plaintiffs' motion to reconsider is **DENIED.**

5

6    Dated:   May 22, 2019

7                                                            _____
                                                             Hon. Mitchell D. Dembin
8                                                            United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

18-cv-2617-BAS-MDD