**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SUBPOENA TO WELLS FARGO BANK, N.A. | Case No. 18-cv-2617-BAS-MDD<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S APRIL 30, 2019 ORDER IN 18-CV-873-BAS-MDD AND**<br>**(2) CLOSING CASE NO. 18-CV-2617-BAS-MDD** |

On January 14, 2019, Magistrate Judge Dembin issued an order denying Plaintiffs' motion to compel. (ECF No. 30.) Plaintiffs moved for reconsideration of this Order. (ECF No. 57.) Magistrate Judge Dembin denied the motion for reconsideration. (ECF No. 68.) Plaintiffs now appeal this denial of reconsideration. (ECF No. 71.) Defendant opposes (ECF No. 76), and Plaintiffs reply to the opposition, (ECF No. 79).

The Court finds resolution of this matter is suitable without the need for oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons discussed below, the Court **DENIES** Plaintiffs' Motion for Review of the Magistrate Judge's April 30, 2019 Order.

– 1 –

# I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

The premise of this case is simple. During an online auction with Concierge Auctions, LLC. ("Concierge"), Plaintiffs had received notice that they had placed the winning bid for property in Fiji. Plaintiffs deposited $285,000 into an escrow account for the property. When the Fiji property owners refused to sell, Plaintiffs demanded return of their money.

The procedural history of this case is less simple. Plaintiffs filed a lawsuit against Concierge, which has been stayed over Plaintiffs' objection, pending arbitration. (17-cv-2263-BAS-MDD.) Three weeks after the Concierge case was stayed, Plaintiffs filed this lawsuit against Boston National Title Agency, LLC ("Boston National") for an accounting, negligence and breach of fiduciary duty, claiming Boston National failed to timely return their escrow deposit. Soon after the lawsuit was filed, Boston National returned the $285,000 escrow amount to Plaintiffs.

On August 14, 2018, Plaintiffs propounded requests for production of documents from Boston National, including requests for all documents related to the escrow account into which Plaintiffs deposited their $285,000. This escrow account, held by Wells Fargo Bank, is a repository of funds from customers of Concierge and Boston National. It was not set up exclusively for the Fiji property auction or for Plaintiffs' transactions. It apparently identified dozens of customers and transactions unrelated to the Fiji auction or to Plaintiffs' deposit of the $285,0000. Nonetheless, Boston National produced redacted statements from this escrow account, offering to assign unique identifiers to the other customers of Concierge and Boston National, but without identifying the actual customers. Plaintiffs objected.

On January 14, 2019, Magistrate Judge Dembin denied Plaintiffs' motion to compel Boston National to produce unredacted escrow statements. (ECF No. 30.) On April 8, 2019, Plaintiffs moved to reconsider this order (ECF No. 57), and on April 30, 2019, Judge Dembin denied the motion for reconsideration. (ECF No. 68.)

Plaintiffs appeal that order denying reconsideration.

In the meantime, while the discovery dispute in this case was pending, Plaintiffs propounded subpoenas to both Concierge and Wells Fargo Bank, non-parties in this case, in the Central District of California. Both cases were transferred to this district. (18-cv-2617-BAS-MDD; 18-cv-2433-BAS-MDD.) On February 6, 2019, Magistrate Judge Dembin granted Wells Fargo Bank's motion to quash the request for production of the exact same unredacted escrow statements. (18-cv-2617-BAS-MDD, ECF No. 22.) On May 1, 2019, Plaintiffs moved to reconsider that order. (18-cv-2617-BAS-MDD, ECF No. 34), and on May 22, 2019, Magistrate Judge Dembin denied the motion for reconsideration. (18-cv-2617-BAS-MDD, ECF No. 36.)

## II. STANDARD OF REVIEW

The district court may reconsider any non-dispositive pretrial ruling of the magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b); *see also* Fed. R. Civ. P., 72; *Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir. 1991) (holding a magistrate judge's decision on a non-dispositive issue is reviewed by the district court for clear error); *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*, No. 06-cv-1584 H(POR), 2008 WL 753956 at *1 (S.D. Cal. Mar. 18, 2008) ("The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions [citation omitted] including rulings on discovery disputes where the magistrate judge is afforded broad discretion. [citation omitted].") Discovery issues are generally non-dispositive. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1996).

District courts have broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002). If the burden or expense of the proposed discovery outweighs the likely benefit, a district court may set limits on the discovery. *Cascade Yarns, Inc. v. Knitting Fever, Inc.,* 755 F.3d 55,

59 (1st Cir. 2014). "[A] district court is vested with 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.'" *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)).

## III. ANALYSIS

In this case, Defendant has provided Plaintiffs with redacted escrow statements showing the amount of money in the account on a daily basis. Defendant has also offered to provide statements, redacting out customer information but providing unique identifying information for each customer, so that Plaintiffs can trace the funds in and out of the escrow account. Plaintiffs argue they need the names of the depositors, depositing account information, additional transaction details for dozens of customers, and disbursement information unrelated to this action.

The Magistrate Judge found that "Defendants have provided Plaintiffs with redacted statements demonstrating that there were sufficient funds in the escrow account every day to cover Plaintiffs' deposits. Consequently, funds deposited by other customers and the disposition of those funds simply is not relevant." (ECF No. 30, at 4.) The Magistrate Judge added that "[m]oney in the account was fungible." (*Id.*) Furthermore, "[t]here is no conceivable connection between identifying other customers and their transactions to Plaintiffs' claims." (*Id.*) This Court agrees.

Plaintiffs argue identification of other customers is needed: (1) to determine whether Defendant "breached its duty to hold these funds by either using these funds or allowing a third party to use the funds for illicit gains" and (2) to determine the amount of damages if Boston National or a third party used these funds for illicit gains. (ECF No. 71, at 15.) This Court fails to see how identification of the unrelated customers will assist in these issues. Plaintiffs have sufficient information without receiving identifying customer information to determine whether Defendant maintained sufficient funds in the escrow account to pay Plaintiffs at any given point, and Plaintiffs' damages do not turn on who, other than Plaintiffs, deposited or

– 4 –

withdrew money from the escrow account.

As the Magistrate Judge points out, the addition of the expert statements is unhelpful to Plaintiffs. "Both experts agree that they require transaction level detail about the monies deposited and disbursed from the account. They do not explain or claim to need information on the identities of any third parties, which is the information at issue in this dispute." (ECF No. 68, at 5.) Again, this Court agrees.

Citing *Caccamise v. Credit One Bank, N.A.*, No. 18-cv-971-JLS (BLM), 2019 U.S. Dist. Lexis 72078 (S.D. Cal. Apr. 26, 2019), Plaintiffs argue that a district court must either the find a document to be relevant or irrelevant but may not weigh the relevance of the words in the document itself. (ECF No. 79, at 2.) *Caccamise* is easily distinguishable from this case as the Magistrate Judge in that case found that the redacted policies and procedures at issue *were* relevant to the plaintiffs' allegations. However, the Court is mindful that other courts have expressed concerns about a party producing redacted documents without making it clear what they are redacting and why. *See e.g.*, *Bartholomew v. Avalon Capital Grp.,* 278 F.R.D. 441, (D. Minn. 2011). That concern is not at issue here where Defendant has made it clear what it has redacted and why.

And the privacy and confidentiality concerns of revealing customer information is more than sufficient to justify the redaction of information that does not appear to be in the least bit relevant. *See Valley Bank of Nev. v. Superior Court,* 15 Cal. 3d 652, 657 (1975) ("[W]e indulge in a careful balancing of the right of civil litigants to discover relevant facts, on the one hand, with the right of bank customers to maintain reasonable privacy regarding their financial affairs, on the other."); *Hall v. Housing Auth. of Co. of Marin*, No. 12-4922 RS (JSC), 2013 WL 5695813 (N.D. Cal. Oct. 18, 2013) (balancing need for information sought against the privacy interest asserted in documents produced under the Privacy Act); *Rubin v. Regents of Calif.*, 114 F.R.D. 1 (N.D. Cal. 1986) (balancing need for disclosure against institution's interest in confidentiality of peer evaluators); *see also Breed v. U.S. Dist.*

*Court for N. Dist. of Calif.*, 542 F.2d 1114 (9th Cir. 1976) (balancing need for disclosure against privacy rights of juveniles in California Youth Authority). Because this Court finds there is no relevance to the redacted information, any balancing against the privacy of the third party customers naturally weighs against disclosure.

## IV. CONCLUSION

The Magistrate Judge's decision that the redacted information was irrelevant was not clearly erroneous or contrary to law. This Court, in exercising its "broad discretion," concludes that Plaintiffs have shown insufficient nexus between the requested information and the issues in the case. Hence Plaintiffs' Motion to Review the Magistrate Judge's April 30, 2019 Order is **DENIED**.

Furthermore, in light of the fact that this Order resolves all outstanding issues in the case of *In re Subpoena to Wells Fargo Bank, NA*, case no. 18-cv-2617-BAS-MDD, the Clerk is directed to close that case.

**IT IS SO ORDERED.**

**DATED: July 12, 2019**

Hon. Cynthia Bashant
United States District Judge